UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
TED ANTOINE, *pro se*, :
 :
       Petitioner, :
 :
  -against- :
 :
D. MARTUSCELLO, SUPERINTENDENT, :
 :
       Respondent. :
 :
 :
 :
---------------------------------------------------------- x

**SUMMARY ORDER**

11-CV-00088 (DLI)

**DORA L. IRIZARRY, U.S. District Judge:**

*Pro se* petitioner Ted Antoine ("Petitioner") seeks a stay and abeyance of this habeas corpus proceeding made pursuant to 28 U.S.C. § 2254 in order to exhaust ineffective assistance of appellate counsel claims in state court. (Docket Entry No. 4.) Respondent objects. (Docket Entry No. 5.) For the reasons set forth below, Petitioner's motion is denied.

**BACKGROUND**

On November 7, 2003, Petitioner was sentenced to a prison term of fifteen years to life in New York State Supreme Court, Kings County, after pleading guilty to murder in the second degree. (Docket Entry No. 1.) In April 2008, Petitioner's appellate counsel appealed from the judgment of conviction to the New York State Supreme Court, Appellate Division, Second Department ("Appellate Division"). (Docket Entry No 3-2.) On appeal, Petitioner's appellate counsel argued that the lower court induced Petitioner's guilty plea through misleading and coercive statements, but did not argue that Petitioner was denied effective assistance of counsel at the plea proceeding. (*Id.*) On February 10, 2009, the Appellate Division affirmed Petitioner's conviction. *People v Antoine*, 59 A.D.3d 560 (2d Dep't 2009). On May 11, 2009, Petitioner was denied leave to appeal to the New York State Court of Appeals. *People v Antoine*, 12 N.Y.3d

1

851 (2009). Additionally, in New York State Supreme Court, Kings County, Petitioner moved to vacate the judgment of conviction pursuant to Criminal Procedure Law § 440.10. By decision and order dated May 21, 2009, Petitioner's motion to vacate the judgment of conviction was denied. (Docket Entry No. 3-2.) By decision and order dated January 5, 2010, the Appellate Division denied Petitioner leave to appeal from the denial of his motion to vacate the judgment of conviction. (Docket Entry No 1. at 4.)

On January 4, 2011, Petitioner filed a petition for writ of habeas corpus in this Court. (Docket Entry No. 1.) By letter dated June 26, 2012, Petitioner seeks a stay and abeyance of this habeas corpus proceeding to apply for a writ of error coram nobis. (Docket Entry No. 4.) Specifically, Petitioner seeks to exhaust his claim that he was denied effective assistance of counsel when his appellate counsel failed to argue that Petitioner's attorney at the plea proceeding was ineffective. (*Id.*)

## DISCUSSION

The court may stay a habeas petition and hold it in abeyance to allow the petitioner to exhaust his unexhausted claims in state court "only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277.

The good cause requirement is not met in this case. Although Petitioner states that he "recently discovered" that he could exhaust his ineffective assistance of counsel claim, petitioner offers no explanation or good cause for his failure to exhaust that claim prior to filing his habeas corpus petition in this court. As noted above, in April 2008, Petitioner's appellate counsel appealed Petitioner's conviction, but did not argue that Petitioner was denied effective assistance of counsel at the plea proceeding. On January 4, 2011, the date that Petitioner filed his initial

2

habeas petition with this court, Petitioner knew, or should have known, what arguments his appellate counsel raised on appeal given that Petitioner references those arguments and attaches portions of the appellate brief to his habeas corpus petition. (Docket Entry No. 1.) Additionally, Petitioner does not indicate that he has attempted to petition for a writ of error coram nobis to date.

This lack of good cause alone prevents the court from granting Petitioner's motion, and accordingly, there is no need for the court to determine the merits of Petitioner's unexhausted claim or whether Petitioner engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78; *Spurgeon v. Lee*, 2011 WL 1303315, at *2-3 (E.D.N.Y. Mar. 31, 2011).

## CONCLUSION

For the reasons discussed above, Petitioner's motion for stay and abeyance is denied. Petitioner is denied a certificate of appealability as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
October 22, 2012

/s/
DORA L. IRIZARRY
United States District Judge